**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                   Case No. 2:21-cv-2496-MSN-cgc

CEDRICK WILSON, SR;
WILSON GROUP, LLC;
SHELBY COUNTY, TENNESSEE; and
CITY OF MEMPHIS,

      Defendants.

---

**ORDER GRANTING UNITED STATES' MOTION FOR DEFAULT JUDGMENT
AGAINST CEDRICK WILSON, SR. AND WILSON GROUP, LLC**

---

Before the Court is Plaintiff United States' Motion for Default Judgment Against Defendants Cedrick Wilson, Sr. and Wilson Group, LLC ("Motion") (ECF No. 19) filed November 26, 2021. Filed in support of Plaintiff's Motion is a memorandum of law (ECF No. 19-1), Declaration of Sasha Santana, a Revenue Officer with the Internal Revenue Service ("IRS") (ECF No. 19-2), IRS account transcripts (ECF No. 19-3), filing information for Wilson Group, LLC from the Tennessee Secretary of State (ECF No. 19-4), and information regarding real property owned by Wilson Group, LLC from the Shelby County Assessor's Office (ECF No. 19-5). Defendants Cedrick Wilson, Sr. and Wilson Group, LLC have not responded and the time for doing so has expired. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

## BACKGROUND

According to the Complaint, a delegate of the Secretary of the Treasury ("Secretary")
properly and timely made income tax assessments against Defendant Cedrick Wilson, Sr. as
follows:

| Assessment Type | Tax Period Ending | Date of Assessment | Amount of Assessment | Outstanding Balance (as of 5/3/2021) |
|---|---|---|---|---|
| Income Tax (Form 1040) | 12/31/2004 | 5/12/2014 | $219,691 | $60,095.12 |
| Income Tax (Form 1040) | 12/31/2006 | 5/17/2010 | $973,179 | $216,128.45 |
| Income Tax (Form 1040) | 12/31/2007 | 4/29/2013 | $746,274 | $59,830.36 |
| Total Outstanding Balance (as of 5/3/2021) | | | | $333,053.93 |

The Complaint alleges that despite notice and demand for payment of those assessments,
Defendant Cedrick Wilson, Sr. has neglected or refused to make full payment of the assessments
to the United States. (ECF No. 1 at PageID 4.)  The Complaint seeks to collect these federal
income tax assessments and enforce their corresponding federal tax liens against certain real
property in which Defendant Cedrick Wilson, Sr. has an interest that are located in Memphis,
Shelby County, Tennessee as follows:

1.      "Subject Real Property A" located at 1542 Elvis Presley Boulevard, Memphis,
Tennessee, and is more particularly described as:

Lots 67, 68, 69, and 70, South Bellevue Subdivision, as shown on plat of record in
Plat Book 11, Page 2 in the Register's Office of Shelby County, Tennessee, to
which plat reference is hereby made for a more particular description of said
property.

Being the same property conveyed to DDE, Inc., by United States Marshal's Deed
of record at Instrument No. ET 6330, dated September 28, 1994, filed November
1, 1994, in the Register's Office of Shelby County, Tennessee.

Being the same property conveyed to grantor, Brandon Seiferth (aka Brandon
Sieferth), herein by Substitute Trustee's Deed of record at Instrument No.

11085928, dated September 1, 2011, filed September 1, 2011, in the Register's
Office of Shelby County, Tennessee.

2.      "Subject Real Property B" located at 2316 Arlington Avenue, Memphis,

Tennessee, and is more particularly described as:

> Parcel 1, Lot 190, Bethel Grove-Labelle Heights First Addition Subdivision as
> Shown on plat of Record in Plat Book 8 page 135 Register's Office of Shelby
> County, Tennessee, to which plat reference is hereby, made for a more particular
> description of said property.

> Being the same property conveyed to Grantor by Probate Court # C-7579 and Last
> Will and Testament recorded in instrument number 03249057 in the Register's
> Office of Shelby County Tennessee.

3.      "Subject Real Property C" located at 2939 Radford Avenue, Memphis, Tennessee,

and is more particularly described as:

> Lot 33, Semmesdale Subdivision, as shown on plat of record in Plat Book 11, Page
> 64 in the Register's Office of Shelby County, Tennessee, to which plat reference is
> hereby made for a more particular description of said property.

> Being the same property conveyed to grantor, Margaret E. Lewis, single, herein by
> Warranty Deed of record at Instrument No. E35219, dated June 19, 1968, filed June
> 20, 1968, in the Register's Office of Shelby County, Tennessee.

(*Id.* at PageID 2–3.)

The Complaint alleges that Defendant Cedrick Wilson, Sr. transferred his interest in

Subject Real Property A to Defendant Wilson Group, LLC after Defendant Cedrick Wilson, Sr.

incurred federal income tax liability for the tax years 2004, 2006, and 2007.  (*Id.* at PageID 5.)

Further, the Complaint alleges that Defendant Cedrick Wilson, Sr. did not receive a reasonably

equivalent value in exchange for the transfer; Defendant Wilson Group, LLC is a single-member

LLC with Defendant Cedrick Wilson, Sr. as the only member; the transfer of Subject Real Property

A was to an insider; a close relationship exists between Defendant Cedrick Wilson, Sr. and

Defendant Wilson Group, LLC; and Defendant Cedrick Wilson, Sr. has complete control and

domination over Subject Real Property A.  (*Id.*)  The Complaint seeks to have the transfer of

3

Subject Real Property A set aside as a fraudulent transfer. (*Id.*) After setting the transfer aside, the Complaint asserts the United States is entitled to foreclose its tax liens against Defendant Cedrick Wilson, Sr.'s interest in Subject Real Property A. (*Id.* at PageID 6–7.) Further, the Complaint alleges that the United States is similarly entitled to have the tax liens foreclosed as to Subject Real Property B and Subject Real Property C, with the proceeds from the sales attributable to the interests of Defendant Cedrick Wilson, Sr. applied to his unpaid federal income tax assessments. (*Id.* at PageID 7–8.)

The Complaint in this matter was filed on July 27, 2021. (*See* ECF No. 1.) Defendant Cedrick Wilson, Sr. was personally served on August 26, 2021. (*See* ECF No. 10.) Defendant Wilson Group, LLC was served via personal service on Cedrick Wilson, Sr. that same day. (*See* ECF No. 11.) On October 29, 2021, the United States filed a motion requesting the Clerk enter default against Defendants Cedrick Wilson, Sr. and Wilson Group, LLC, and the Clerk entered default against both Defendants that same day. (*See* ECF Nos. 17 & 18.)

## DISCUSSION

First, pursuant to Federal Rule of Civil Procedure 55, when a party against whom a default judgment is sought has failed to appear in an action and is not a minor or incompetent, notice of the motion for default is not required. Fed. R. Civ. P. 55(b)(2). Defendant is not a minor or incompetent. (*See* ECF No. 17-1 at PageID 90.) Nonetheless, counsel for Plaintiff stated to the Court that she had mailed a copy of the Motion for Default Judgment to Defendants Cedrick Wilson, Sr. and Wilson Group, LLC.

Next, the Court "must determine whether it has jurisdiction over the defendant before entering a judgment by default against a party who has not appeared in the case." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 845 (E.D. Mich. 2006). Here, Plaintiff has sufficiently alleged

subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1340, and 1345. (*See* ECF No. 1 at PageID 1.)  The Court also has personal jurisdiction over the parties.  Plaintiff consented to this Court's jurisdiction over it by filing the action here; Defendant Cedrick Wilson, Sr. is alleged to be a citizen and resident of Shelby County, Tennessee and was personally served with the Complaint while physically present in the state of Tennessee (*id.*; *see also* ECF No. 10); and Defendant Wilson Group, LLC is alleged to be a single-member LLC organized under the laws of Tennessee with its principal place of business in Tennessee (*see* ECF No. 1 at PageID 5; ECF No. 19-4).

Under Fed. R. Civ. P. 55(b), a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action.  In order to obtain judgment by default, the proponent must first request the clerk's entry of default pursuant to Rule 55(a).  *Ramada Franchise Systems, Inc. v. Borada Enters. LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004); *see also Hickman v. Burchett*, No. 07–743, 2008 WL 926609, *1 (S.D. Ohio Apr. 4, 2008) (collecting cases).  Once a default has been entered by the clerk, all the plaintiff's well-pleaded allegations are deemed admitted, including jurisdictional allegations.  *Ford Motor Co.*, 441 F. Supp. 2d at 846 (citing *Visioneering Constr. v. U.S. Fidelty and Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)); *see also* Fed. R. Civ. P. 8(b)(6) (providing that "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").  Additionally, once a default is obtained, the proponent may file for default judgment by the clerk or by the court.  Fed R. Civ. P. 55(b).  When the plaintiff's complaint alleges damages for a sum certain, "the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing."  Fed. R. Civ. P. 55(b)(1).  "In all other cases, the party must apply to the court for a

default judgment." Fed. R. Civ. P. 55(b)(2). A default judgment may be entered without a hearing unless it is necessary to conduct an accounting, determine the amount of monetary damages, establish the truth of any allegation by evidence, or investigate any other matter. *Id; see also Certain Underwriters at Lloyd's, London v. Alkabsh*, 2011 WL 938407, at *8 (W.D. Tenn. Mar. 15, 2011).

Rule 55(b)(2) does not provide a standard to determine when a party is entitled to a judgment by default, but the case law indicates that the court must exercise "sound judicial discretion" when determining whether to enter the judgment. *State Farm Bank v. Sloan*, No. 11–10385, 2011 WL 2144227, at *2 (E.D. Mich. May 31, 2011); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2685 (3rd ed. 1998).

Here, Defendant Cedrick Wilson, Sr. was personally served with the Complaint and has failed to answer or otherwise respond. Defendant Wilson Group, LLC was served by personal service on Cedrick Wilson, Sr., an individual authorized to receive service on its behalf as provided in Federal Rule of Civil Procedure 4(h), and has also failed to answer or otherwise respond. An accounting is not needed, no additional evidence as to the truth of any allegations is necessary, and there is no dispute as to the amount outstanding for Defendant Cedrick Wilson, Sr.'s unpaid federal income tax assessments; thus, a hearing is not required. The Clerk has properly entered a default, and Defendants Cedrick Wilson, Sr. and Wilson Group, LLC are bound as to the factual allegations in the Complaint. *Ford Motor Co.*, 441 F. Supp. 2d at 846. Having found Defendants Cedrick Wilson, Sr. and Wilson Group, LLC bound to the allegations in the Complaint, the Court addresses whether the United States is entitled to default judgment for each count in the Complaint.

## Count I—Indebtedness to United States for Federal Income Tax Assessments

"It is well established in the tax law that an assessment is entitled to a legal presumption of correctness." *United States v. Fior D'Italia*, 536 U.S. 238, 242 (2002); *see also United States v. Walton*, 909 F.2d 915, 918 (6th Cir. 1990) ("The Commissioner's determination of a tax liability, if calculated according to an acceptable procedure . . . is presumptively correct"); *United States v. Rohner*, 634 F. App'x 495, 499 (6th Cir. 2015) ("The IRS's tax assessments enjoy a legal presumption of correctness in civil cases."); *United States v. Hillman*, 60 F. App'x 563, 564 (6th Cir. 2003); *United States v. Noble*, 3 F. App'x 331, 334 (6th Cir. 2001).  This presumption "help[s] the Government prove its case against a taxpayer in court." *Fior D'Italia*, 536 U.S. at 242.

Once the Government establishes presumptive tax liability, the taxpayer challenging an assessment "carries the burden of proving the assessment wrong." *McDermitt v. United States*, 954 F.2d 1245, 1251 (6th Cir. 1992). "If an assessment is supported by a minimal evidentiary foundation, the burden of disproving it rests on the taxpayer." *Rohner*, 634 F. App'x at 499*; see also Walton*, 909 F.2d at 918 (6th Cir. 1990) ("the burden of producing contrary evidence is upon the taxpayer"); *Noble*, 3 F. App'x at 334 ("burden is on the taxpayer to produce evidence to the contrary").

To meet this burden, "the taxpayer must show the determination to be incorrect or arbitrary." *Rohner*, 634 F. App'x at 499.  The taxpayer must "point to affirmative evidence that contradicts the Secretary's assessment of his tax liability."  *United States v. Bogart*, No. 3:12-cv-0179, 2013 WL 5655953, at *3 (M.D. Tenn. Oct. 17, 2013).  "Vague and general denials of an assessment's accuracy do not . . . establish a reasonable denial sufficient to shift the burden to the Government." *Rohner*, 634 F. App'x at 499; *see also Walton*, 909 F.2d at 922; *United States v. Hammon*, 277 F. App'x 560, 563 (6th Cir. 2008).

Here, a delegate of the Secretary assessed federal income tax liabilities against Defendant Cedrick Wilson, Sr. for the tax years 2004, 2006, and 2007, and the United States has submitted certified tax transcripts for each of those years.  (*See* ECF No. 19-2; ECF No. 19-3.)  The federal income tax assessments against Defendant Cedrick Wilson, Sr. for 2004, 2006, and 2007 are entitled to a presumption of correctness, and the burden of disproving the assessments is on Defendant Cedrick Wilson, Sr.  Having failed to answer or respond to the Complaint in this matter, the Court finds that Defendant Cedrick Wilson, Sr. has not met his burden to rebut the presumption of correctness afforded to the federal income tax assessments against him.  Accordingly, the United States is entitled to default judgment against Defendant Cedrick Wilson, Sr. as to the federal income tax assessments against him for the tax years 2004, 2006, and 2007, in the total amount of $333,053.93, as of May 3, 2021, plus further accruals of interest and statutory additions according to applicable law.

**Count II—Fraudulent Transfer of Subject Real Property A**

Under 26 U.S.C. § 6321, liens in favor of the United States for unpaid taxes, including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto, attach "upon all property and rights to property, whether real or personal" belonging to the taxpayer.  The liens arise at the time the assessment for unpaid taxes is made and continue until the liability is satisfied or becomes unenforceable due to lapse of time.  *See* 26 U.S.C. § 6322.  "Tax liens attach to all property rights the taxpayer then holds or subsequently acquires . . . ." *Wayne Cty. Bd. Of Cty. Comm'rs v. Mendel, Inc.*, 22 F. App'x 488, 491 (6th Cir. 2001.)

Although federal tax liens attach to "all property and rights" of a delinquent taxpayer, state law determines whether a property right exists. *See Drye v. United States*, 528 U.S. 49, 58 (1999).

When the United States assesses a tax lien, the threshold inquiry "is whether and to what extent the taxpayer had 'property' or 'rights to property' to which the tax lien could attach." *Aquillino v. United States*, 363 U.S. 509, 512 (1960). The real property at issue here is located in Tennessee, and thus the Court must apply Tennessee law in determining property rights in this matter.

The United States' Motion correctly asserts that the United States may enforce tax liens against property owned by a third-party when the third-party is a nominee or alter ego of a delinquent taxpayer. *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 250–51 (1977). The United States, however, does not argue that it should be able to foreclose its tax liens against Subject Real Property A (owned by Defendant Wilson Group, LLC) because Defendant Wilson Group, LLC is a nominee or alter ego of Defendant Cedrick Wilson, Sr. under Tennessee law. *See United States v. Buaiz*, No. 3:07-cv-83, 2010 WL 3517075, at *6–11 (E.D. Tenn. Sept. 3, 2010) (discussing law regarding corporate veil piercing in finding corporation was taxpayer's alter ego). Instead, the United States seeks to have the conveyance from Cedrick Wilson, Sr. to the Wilson Group, LLC set aside as a fraudulent conveyance under the Tennessee Uniform Fraudulent Transfer Act ("TUFTA"). "Where a taxpayer has allegedly fraudulently transferred his property prior to the filing of federal tax liens, the United States may seek relief under the applicable fraudulent conveyance laws of the state in which the property is located." *United States v. Westley*, 7 F. App'x 393, 400 (6th Cir. 2001).

The TUFTA provides that a transfer by a debtor is fraudulent as to a creditor if the debtor made the transfer with an actual intent to hinder, delay, or defraud any creditor or debtor. *See* Tenn. Code Ann. § 66-3-305(a)(1). In determining the debtor's actual intent, consideration may be given to various factors, including whether: (1) the transfer or obligation was to an insider; (2) the debtor retained possession or control of the property transferred after the transfer; (3) the

transfer or obligation was disclosed or concealed; (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (5) the transfer was of substantially all the debtor's assets; (6) the debtor absconded; (7) the debtor removed or concealed assets; (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor. *See id.* § 66-3-305(b).

Considering the factors identified in TUFTA in the circumstances here, the Court finds that several factors indicate Defendant Cedrick Wilson, Sr. transferred Subject Real Property A to Defendant Wilson Group, LLC with actual intent to hinder, delay, or defraud the United States as a creditor. First, Defendant Wilson Group, LLC, has only one member: Defendant Cedrick Wilson, Sr. (*See* ECF No. 19-2; ECF No. 19-4.) This transfer of property from sole member to a limited liability company means that Defendant Wilson Group, LLC was an "insider" for purposes of the TUFTA. *See* Tenn. Code Ann. § 66-3- 302(7)(A). Second, Defendant Cedrick Wilson, Sr. continued to list the Subject Real Property A as his address on business filings for Defendant Wilson Group, LLC, demonstrating that he retained possession or control of the Subject Real Property A after the transfer was made. (*See* ECF No. 19-2; ECF No. 19-3.) Furthermore, the transfer was made shortly after debts were incurred related to the 2006 tax year, and shortly before taxes were assessed for the 2004 and 2007 tax years.[1] (*Id.*) Accordingly, the Court finds the

---

[1] The United States argues in its Motion that Defendant Cedrick Wilson, Sr. waited until May 31, 2019 to record the deeds related to Subject Real Property A. (*See* ECF No. 19-1 at PageID 106–07.) Upon review, however, this assertion is contradicted by the record cited by the United

United States has demonstrated by a preponderance of the evidence that Defendant Cedrick Wilson, Sr. transferred Subject Real Property A to Defendant Wilson Group, LLC with actual intent to hinder, delay, or defraud the United States as a creditor.[2]  The United States is entitled to default judgment setting aside the conveyance of Subject Real Property A from Defendant Cedrick Wilson, Sr. to Defendant Wilson Group, LLC.

## Counts III, IV, and V—Foreclosure of Federal Tax Liens Against Subject Real Property A, Subject Real Property B, and Subject Real Property C

When the United States seeks to foreclose its tax liens, the Court must "finally determine the merits of all claims to and liens upon the property." 26 U.S.C. § 7403(c); *see United States v. Winsper*, 680 F.3d 482, 488 (6th Cir. 2012).  If the court finds a claim or interest of the United States in the property is established, the court may "decree a sale of such property . . . and a distribution of the proceeds of such sale according to the findings of the court in respect to the

---

States.  (*See* ECF No. 1-6.)  The May 31, 2019 date appears to be the date the United States obtained certified copies of the deeds related to Subject Real Property A.  In fact, this same document and date also appears for the deeds related to Subject Real Property B and Subject Real Property C.  (*See* ECF No. 1-7 at PageID 32; ECF No. 1-8 at PageID 36.)  On review, it appears the deed to Defendant Cedrick Wilson, Sr. was recorded on December 1, 2011, and the deed to Defendant Wilson Group, LLC was recorded on December 14, 2011—less than one month after the deeds were executed.  (*See* ECF No. 1-6 at PageID 23, 27.)  The Court is not sure what to attribute this apparent inaccuracy to other than carelessness on the part of the United States. Although this is a motion for default judgment and the United States was likely anticipating there would not be a substantive response from Defendants, this Court is disappointed to find what appears to be a clear error and inaccurate assertion in the Motion.

[2] The Court also notes that the assessment for the 2006 tax year was made in May 2010 before Defendant Cedrick Wilson, Sr. acquired Subject Real Property A or subsequently transferred it to Defendant Wilson Group, LLC.  Because the tax lien under 26 U.S.C. § 6321 attaches to property a taxpayer subsequently acquires, the tax lien for the assessment for federal income taxes for tax year 2006 may have attached to Subject Real Property A at the time it was acquired by Defendant Cedrick Wilson, Sr. and remained attached to that property when it was subsequently transferred to Defendant Wilson Group, LLC.  However, the United States did not argue this in its Motion, so the Court does not address it as a basis for foreclosure of the tax lien.

interests of the parties and the United States."  26 U.S.C. § 7403(c); *see Winsper*, 680 F.3d 482, 488 (6th Cir. 2012).

As discussed above, this Court finds that Defendant Cedrick Wilson, Sr. transferred Subject Real Property A to Defendant Wilson Group, LLC with actual intent to hinder, delay, or defraud the United States as a creditor, and thus has determined that conveyance should be set aside for purposes of enforcement of the United States' tax liens for unpaid federal income tax assessments against Defendant Cedrick Wilson, Sr. for tax years 2004, 2006, and 2007.

The Court further finds that the United States has established a claim or interest in Subject Real Property A, Subject Real Property B, and Subject Real Property C based on the federal tax liens that attached to the properties pursuant to 26 U.S.C. §§ 6321 and 6322 for Defendant Cedrick Wilson, Sr.'s unpaid federal income tax assessments for tax years 2004, 2006, and 2007. Defendants Cedrick Wilson, Sr. and Wilson Group, LLC have both failed to respond or otherwise defend against the allegations raised in the Complaint, and have therefore admitted that the United States' federal tax liens attached to Defendant Cedrick Wilson, Sr.'s interest in Subject Real Property A, Subject Real Property B, and Subject Real Property C.  Defendants Shelby County and City of Memphis do not contest the attachment of the federal tax liens.  (*See* ECF Nos. 12 & 15.)  Additionally, counsel for the United States has represented she conferred with counsel for Defendants Shelby County and City of Memphis, and they have consented to the foreclosure of the federal tax liens.  (*See* ECF No. 19-1 at PageID 110.)  The United States' proposed order of sale provides that after the United States is reimbursed for the expenses of any sale of the properties, the proceeds will be distributed first to Defendant Shelby County for real property taxes or special assessments due and owing; second, to Defendant City of Memphis for real property taxes or special assessments due and owing; third, to the United States for application to Defendant

Cedrick Wilson, Sr.'s unpaid federal income tax assessments for tax years 2004, 2006, and 2007; and finally, any remaining proceeds would be held in the Court's registry pending further orders of this Court.  (*See* ECF No. 19-7.)

Based on the Complaint, Plaintiff's Motion, and the entire record in this matter, the Court finds the United States has an interest in Subject Real Property A, Subject Real Property B, and Subject Real Property C, and the United States is entitled to default judgment directing sale of said properties with the proceeds of the sales distributed in accordance with an order of sale by this Court.

## **<u>CONCLUSION</u>**

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion for Default Judgment in its entirety.

**IT IS SO ORDERED**, this 3rd day of January 2022.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE